## Illinois Central Railroad Co. v. John Sporleder.

1. Master and Servant—*Risks Taken in Obeying the Orders of the Master.*—Where the servant is injured while obeying the orders of his master to perform a service in a dangerous manner, the master is liable, unless the danger is so imminent that a man of ordinary prudence would not incur it.

2. Instructions—*As to the Hazards of a Dangerous Employment.*—In an action for personal injuries received by an employe while engaged in a dangerous service, the defendant is entitled to have the jury instructed that "if they believe from the evidence that such hazards and dangers were known to the plaintiff or that he had had sufficient experience and knowledge of the business as would make the dangers and hazards known to an ordinarily prudent and intelligent man," their verdict should be for the defendant.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of St. Clair County; the Hon. Benjamin D. Burroughs, Judge,

presiding. Heard in this court at the February term, 1900. Reversed and remanded. Opinion filed September 8, 1900.

GUSTAVUS A. KOERNER and VICTOR K. KOERNER, attorneys for appellant; JOHN G. DRENNAN, of counsel.

Where persons are employed in the performance of ordinary labor, in which no machinery is used and no materials furnished the use of which requires the exercise of great skill and care, it can scarcely be claimed that a defective instrument or tool furnished by the master, of which the employe has full knowledge and comprehension, can be regarded as making out a case of liability within the rule laid down. A common laborer who uses agricultural implements while at work upon a farm or in a garden, or who is employed in any service not requiring skill and judgment, and who uses the ordinary tools to which he is accustomed and in regard to which he has perfect knowledge, can hardly be said to have a case against his employer for negligence if, in using a utensil he knows to be defective, he is accidentally injured. It does not rest with the servant to say that the master has superior knowledge. Marsh v. Chickering, 101 N. Y. 396; Illinois Steel Company v. Mann, 170 Ill. 200; Corcoran v. Milwaukee Gas Light Co., 81 Wis. 191; Illinois Steel Co. v. Schymanowski, 162 Ill. 459; Ind. B. & W. R. R. Co. v. Flannagan, 77 Ill. 365; Toledo, W. & W. R. R. Co. v. Black, 88 Ill. 112; Richardson v. Cooper, 88 Ill. 270; Clark v. C., B. & Q. R. R., 92 Ill. 43; C. & E. I. R. R. Co. v. Geary, 110 Ill. 383; Simmons v. R. R. Co., 110 Ill. 346; Penn. Co. v. Lynch, 90 Ill. 333; St. L. & S. E. R. R. Co. v. Britz, 72 Ill. 257.

WEBB & WEBB and DILL & WILDERMAN, attorneys for appellee.

Offutt v. Columbian Exposition, 175 Ill. 472; Steel Co. v. Schymanowski, 59 Ill. App. 32; 162 Ill. 447.

MR. PRESIDING JUSTICE BIGELOW delivered the opinion of the court.

On the 24th of June, 1899, there was a wreck on appel-

lant's railroad, near Belleville, and appellee, who was a section hand on the railroad, with about fifty other section men, was engaged during the day in removing the wreckage and clearing the track, doing various kinds of work necessary to be done under the circumstances, by and under the direction of his section foreman, one Gamble.

In the latter part of the day Gamble directed appellee to get a claw-bar and pull spikes that held the rails to the ties of the road-bed; and about the same time, or shortly thereafter, Gamble directed one Trinkler, who was also a section hand, to get a spike-maul (called also a sledge hammer), for the purpose of aiding appellee in pulling spikes.

It is contended by appellant that the directions given Trinkler were to assist appellee in drawing spikes from the ties, and that no further or other specific directions were given as to the manner of doing the work, while on the part of appellee it is contended that Gamble directed Trinkler specifically to get the maul and "drive out spikes." There is evidence tending to prove each contention. The maul was brought by Trinkler, and appellee, having a claw-bar, pulled spikes with it, and coming to a spike that had been driven so far into the tie that the claw-bar alone could not be made to grasp the head of it, Trinkler struck the heel of the claw-bar with the maul, for the purpose of driving the claw under the head of the spike, when a piece of the spike-head was broken off, and, flying toward appellee, struck him in the eye and destroyed the sight of it, and appellee brought this suit to recover for the injury, which it is claimed may result in the loss of both eyes.

There was a verdict for the plaintiff below for $3,000, on which the court, after overruling defendant's motion for a new trial, rendered judgment, from which the railroad company has appealed.

No motion was made by the defendant to take the case from the jury at the close of plaintiff's evidence, but an instruction was asked to that effect, at the close of all the evidence, which was denied by the court, and defendant excepted.

The plaintiff, by his declaration, claims a right to recover on account of the negligence of Gamble, the section foreman, in directing Trinkler and appellee to drive the claw-bar under the head of the spike with the maul or sledge, instead of removing the wood around the head of the spike, so that the claw-bar would have taken hold of the spike without using the maul for that purpose; and that the using of the maul was hazardous and dangerous, which fact was known to the defendant and unknown to the plaintiff; and plaintiff was unaccustomed to drawing spikes in the manner in which it was directed to be done.

There was .evidence in support of the theory of plaintiff as to the danger and hazard in pulling spikes in the way stated, and that it was not the custom of railroad men and was not good railroading to use a sledge in pulling sunken spikes, as was done in this case; but that the proper and safe way of pulling spikes, the heads of which had become imbedded in the wood of the tie, so that the claw-bar would not take hold of the spike, was to remove the wood around the head and neck of the spike with an adz, or some sharp tool, so as to let the claw-bar under the head of the spike.

There was also evidence by appellee that he had worked as a section hand for two years and a half before he was injured, and had often pulled spikes and had seen them pulled by using the maul on the claw-bar; that there were adzes there which could have been had, but he did not use one at the time he was injured because he " was not ordered to do so." There was also evidence that it was a common thing among railroad men to draw spikes by using the maul in driving the claw-bar under the heads of them, without cutting the wood away around the spike. With this evidence before the jury, appellant asked that the following instruction be given to them :

" It is alleged in the declaration filed in this case by the plaintiff, Sporleder, that the hazards and dangers of drawing the spike in the manner he did draw it were unknown to him; now if the jury believe from the evidence that such hazards and dangers were known to said plaintiff, or that he had had sufficient experience and knowledge of the

business as would make the dangers and hazards known to an ordinarily prudent and intelligent man, then the verdict should be for the defennant."

But the court refused to give it, and the defendant excepted and urges the refusal as error.

There is but one count in the declaration, and it is alleged therein as a ground on which the plaintiff is entitled to recover, that the danger and hazard of drawing the spike in the manner it was attempted to be drawn was known to appellant and unknown to appellee. It is reasonable to presume that appellee knew what any ordinarily prudent, intelligent man would have known, had he been placed in appellee's position, hence, to justify the refusal of the instruction would, in effect, be to hold that the plaintiff was not bound to prove the allegations of his declaration, which he had made material, before he could recover.

The court erred in refusing the instruction.

It is urged that the court erred in refusing to give to the jury the following instruction asked by appellant:

" Even if the jury believe from the evidence that the foreman of the defendant company ordered or instructed the plaintiff, Sporleder, to draw spikes from the ties in a more dangerous manner than the said Sporleder had been accustomed to draw them, yet the jury is instructed that if the plaintiff knew from his experience in that work that by obeying said order he was undergoing more danger, and obeyed said order without protest or objection, and was injured thereby, then the jury is instructed that the plaintiff can not recover, and they must find the defendant not guilty."

In passing upon the principle contained in the question raised by this instruction, in the case of Offutt v. Columbian Exposition, 175 Ill. 472, the court (at page 479) says:

" The rule is that where the servant is injured while obeying the orders of his master to perform work in a dangerous manner, the master is liable, unless the danger is so imminent that a man of ordinary prudence would not incur it."

The court cites, in support of the rule, Ill. Steel Co. v. Schymanowski, 162 Ill. 447; Anderson Pressed Brick Co. v.

Sobkowiak, 148 Ill. 573; and West Chicago Street Railroad Co. v. Dwyer, 162 Ill. 482.

Under the authorities cited, the instruction was arbitrary, and by its terms took from the jury an important question of fact for them to determine, viz., did appellee, in following the order claimed to have been given him by appellant's foreman, act as a reasonably prudent man would have acted under the circumstances? Or, put in another form, could it be said as a matter of law that the danger that appellee would be injured, as he was, by attempting to pull the spike as he did, was "imminent"? We are of the opinion it could not, and hence are of the opinion the court did not err in refusing the instruction.

As the case must go to another jury, we refrain from commenting on the evidence.

For the error of the court in refusing to give to the jury defendant's first refused instruction, the judgment is reversed and the cause remanded.